NOT DESIGNATED FOR PUBLICATION

No. 117,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
WILLIAM NAPOLEON QUARY.

MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Opinion filed September 8, 2017. Affirmed.

*Timothy A. Showalter*, of Timothy A. Showalter, Attorney at Law, of Arkansas City, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: William Napoleon Quary, who has been committed for treatment as a sexually violent predator under the Kansas Sexually Violent Predator Act (the Act), K.S.A. 59-29a01 et seq., appeals the district court's decision denying his request for the appointment of a qualified professional to conduct an independent examination for his annual review. Finding no abuse of discretion, we affirm the district court's decision.

Quary was originally convicted and served time in prison for one count of aggravated escape from custody and one count of attempted rape, a sexually violent offense under the Act. Upon the completion of Quary's prison sentence in 2013, the district court involuntarily committed Quary to the Sexual Predator Treatment Program (SPTP) at Larned State Hospital. Quary's commitment as a sexually violent predator was affirmed by this court in *In re Care & Treatment of Quary*, 50 Kan. App. 2d 296, 296-97,

1

324 P.3d 331, *rev. denied* 300 Kan. 1103 (2014). More recently, this court affirmed the district court's decision not to appoint an independent psychological expert for Quary's 2015 annual review in *In re Care & Treatment of Quary*, No. 115,622, 2016 WL 7032111 (Kan. App. 2016) (unpublished opinion).

On June 6, 2016, the district court received the annual evaluation of Quary's mental condition, along with Quary's acknowledgement of receipt of the report. Quary is currently in Phase Two of the SPTP's seven phases. He is diagnosed with exhibitionistic disorder, inhalant use disorder (moderate), antisocial personality disorder, and other related disorders associated with being a perpetrator of nonspousal, nonpartner adult sexual abuse. Quary's therapist noted that Quary "attends phase groups irregularly." Quary opted to only participate in one of his elective sessions. The report indicated that Quary was not employed with the vocation training program. He failed two of his basic core psycho-education courses. One of those failure was due to unexcused absences.

Quary's score on the Static-99 Revised (Static-99R), which is a measure of re-offense, was seven, placing "him in the High Risk category." Quary's score on the Sex Offender Treatment Intervention and Progress Scale (SOTIPS) was eight, placing "him in the 'Low' risk category." These two tests combined placed Quary "in a Moderate-High risk/need category."

Summarizing the entirety of the annual evaluation, it stated that "Quary has not participated in the treatment portion of the program and therefore has not progressed in treatment and has remained in Phase Two since the last reporting period." The report concluded that Quary was still a sexually violent predator and his "mental abnormality/personality disorder" had not changed to a point where he should "be placed in Transitional Release."

2

Quary filed his motion for appointment of a qualified professional for examination on July 15, 2016. The State filed its response on July 26, 2016, opposing the appointment. The State claimed that Quary had remained on the same phase since the previous reporting period and was "not anywhere near completing the program."

The district court held a hearing on August 25, 2016. Quary testified that he had not, for the most part, been attending elective classes. He stated that he did not think elective classes were helpful in his treatment. Quary admitted that he had failed a class due to unexcused absences, but he tried to explain the absences away as a medical issue. Quary admitted that he had not been going to group therapy because the therapy was tailored around child offenders and not adult offenders. Quary stated that he did not believe he "should have been in the program in the first place," but he was working on his problems. Quary testified that he had applied for three jobs in the facility but had been passed up thus far. He explained that there were "26 jobs for 300 residents." After hearing oral arguments from both sides, the district court took the matter under advisement.

The district court made a ruling from the bench at a hearing on October 12, 2016, and denied Quary's request for an independent evaluation. No transcript of that hearing is included in the record on appeal. The district court filed a journal entry on December 28, 2016, finding that the "appointment of a qualified expert for an independent examination is not necessary at this time." The journal entry also states that "probable cause does not exist to believe that [Quary's] mental abnormality or personality disorder has so changed that he is safe to be placed in transitional release." The journal entry is clear that the district court made "specific findings on the record," but, as noted above, the transcript is absent from the record. Quary timely appealed the district court's decision.

On appeal, Quary claims that the district court's "refusal to appoint a qualified professional to examine [him] violated his procedural rights and denied him Due

3

Process." Quary claims there is conflicting evidence in the annual report for 2016 and an independent evaluation is the only way to resolve the conflict.

As provided in K.S.A. 2016 Supp. 59-29a08(a), a district court may—but need not—grant a sexually violent predator's request for appointment of an independent expert as part of the annual review process. The decision rests within the district court's discretion and will be examined on appeal for an abuse of that discretion. *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error fact. *Wiles v. American Family Life Assurance Co.,* 302 Kan. 66, 74, 350 P.3d 1071 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

Before we examine the merits of Quary's claim on appeal, we will first address the State's contention that Quary has failed to present a record that affirmatively shows reversible error because he has failed to provide a transcript of the October 12, 2016, hearing where the judge made specific findings on the record denying Quary's request for an independent evaluation. The State cites *In re Care & Treatment of Emerson*, 52 Kan. App. 2d 421, 436, 369 P.3d 327 (2016), *appeal dismissed* 306 Kan. 30, 392 P.3d 82 (2017), to support its contention. In *Emerson*, the respondent claimed on appeal that the district court erred in admitting an expert report at a jury trial to determine if the respondent was a sexually violent predator. This court refused to reach the issue because the respondent failed to include the challenged report in the record on appeal. 52 Kan. App. 2d at 436. Specifically, this court stated that "[w]ithout the report, we cannot determine what the report states or how its contents may have influenced the jury, as is necessary to establish prejudicial error." 52 Kan. App. 2d at 436.

4

Quary filed a reply brief to address this issue. Quary first contends that the State had an opportunity to request the transcript if it thought it was necessary. He argues the transcript is not necessary for his appeal and the relevant transcript is the one from the evidentiary hearing. Quary claims the sole issue in this case is whether he should be granted an evaluation to resolve the conflicting evidence that was presented to the district court and not the district court's decision itself.

The burden is on the party making a claim on appeal to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Here, the sole issue on appeal is whether the district court abused its discretion in denying Quary's request for an independent evaluation. As stated above, the party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co.*, 296 Kan. at 935.

We tend to agree with the State that Quary's failure to provide a transcript of the October 12, 2016, hearing substantially impairs his ability to establish error by the district court. The journal entry denying Quary's request for an independent evaluation indicated that the district court made "specific findings on the record" at the October 12, 2016, hearing. However, the record on appeal is devoid of any information setting out the "specific findings" the district court made to support its decision. Without knowing the district court's precise reasons for denying Quary's request for an independent evaluation, it is virtually impossible for this court to determine whether "no reasonable person would [have taken] the view adopted by the district court." *Wiles*, 302 Kan. at 74.

Although we could probably deny Quary's appeal based on his failure to provide an adequate record, we will endeavor to address the merits of his claim based on the available record. According to the annual evaluation received by the district court on June 6, 2016, Quary is currently in Phase Two of the SPTP's seven phases. Quary's therapist

5

noted that Quary "attends phase groups irregularly." He failed two of his basic core psycho-education courses. One failure was due solely to unexcused absences. The Static-99R, a measure of reoffense, scored Quary as a seven, placing "him in the High Risk category." The SOTIPS scored Quary as eight, placing "him in the 'Low' risk category." These two tests combined placed Quary "in a Moderate-High risk/need category." The annual evaluation stated that "Quary has not participated in the treatment portion of the program and therefore has not progressed in treatment and has remained on Phase Two since the last reporting period." The report concluded that Quary was still a sexually violent predator and his "mental abnormality/personality disorder" had not changed to a point where he should "be placed in Transitional Release."

Quary points to the fact that there is some evidence in his favor, namely the results of the SOTIPS test that places him in the low risk category of reoffending. He argues that because there is conflicting evidence in the annual report, an independent evaluation is the only way to resolve the conflict. But if Quary's argument that he is entitled to an independent evaluation any time there is conflicting evidence is correct, then such a rule would eliminate the district court's discretion in determining whether to grant a request for the appointment of a qualified professional. See K.S.A. 2016 Supp. 59-29a08(a).

The limited record before this court shows that the district court granted Quary a hearing and thoughtfully considered his request for an independent evaluation as part of his annual review. There is nothing in the record to establish Quary's claim that the district court "violated his procedural rights and denied him Due Process." We conclude that Quary has failed to meet his burden of establishing that the district court abused its discretion in denying his request for an independent evaluation.

Affirmed.